518149

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LISA GARMON

VS.                              CA NO:   18-

LIFESPAN CORPORATION, AS ADMINISTRATOR OF
Lifespan Corporation Long Term Disability Benefits Plan, Alias
LIFESPAN CORPORATION LONG TERM DISABILITY BENEFITS PLAN, Alias, and
SUNLIFE ASSURANCE COMPANY OF CANADA, Alias

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

NOW COMES the Plaintiff, **Lisa Garmon** by her attorney, Mark B. Morse, and sets forth the following:

### JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et seq., and particularly Section 510 (20 U.S.C. §1140), 20 U.S.§ 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of her Long-Term Disability Benefits, which was done pre textually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan.   All acts alleged have occurred within the State of Rhode Island and within this judicial district.

### THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides at 39 Carlton Street Cranston, RI 02910-1101.   At all times material hereto, Plaintiff has been an employee of Lifespan Corporation, Alias (hereinafter the Employer) located at Eddy Street, Providence, RI 02903 since on or about August 9,1988 most recently as a Patient Care Attendant

2. The Employer is a corporation authorized to do business in the State of Rhode Island and operates medical facilities and hospital at various locations throughout the State of Rhode Island and the United States.

3. The Employer is an employer within the meaning of ERISA.

518149

4. The Employer maintains an employee benefit plan known as the "Lifespan Corporation Long Term Disability Benefits Plan, Alias," (herein the Plan) and is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant Lifespan Corporation (herein Plan Administrator) , is the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant SunLife Assurance Company of Canada, Alias (hereinafter Sun Life ) is a corporation engaged in the business of insurance with a principal place of business in 1 Sun Life Executive Park Wellesley Hills, MA 02481-5699, and which is authorized to do business in the State of Rhode Island.

## FACTUAL ALLEGATIONS

7. At all times material hereto, and since at least 1988, the Employer and the Plan Administrator caused Sun Life to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from Sun Life.

10. By virtue of the relationship with the Employer, the Plan Administrator and Sun Life jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

13. On or about August 26, 2015 Plaintiff sustained substantial injuries.

14. Since on or about August 26, 2015, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including, back pain/ chronic lumbar syndrome, degenerative disc disease, depression, thyroid issues, and radiculopathy.

15. As a result of her injuries and illnesses, since on or about August 26, 2015 Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16.     On or about  November 10, 2016 the Plan Administrator, and Sun Life denied Plaintiff long term disability benefits even though she was disabled within the meaning of the Plan.

518149

17. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements.

18. On or about January 12, 2018 the Plan Administrator and Sun Life denied Plaintiff's appeal.

19. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

20. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

21. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants are obligated to pay same.

22. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

23. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

## COUNT I
## (ERISA VIOLATION, 29 U.S.C. §1001 ET SEQ.)

24. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 23 inclusive, as if more fully set forth herein.

25. The Plan Administrator and Sun Life are fiduciaries under ERISA and otherwise owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

26. Since on or about February 22, 2016 Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

27. The Plan Administrator and Sun Life have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

28. The denial of Plaintiff's disability benefits by the the Plan Administrator and Sun Life constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

518149

29. Sun Life has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

30. By virtue of the actions of the Plan Administrator and United Healthcare, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

## COUNT II
## (BREACH OF CONTRACT)

31. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 30, inclusive, as if more fully set forth herein.

32. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which she gave adequate consideration by continuing to work, the Employer, the Plan Administrator and United Healthcare created a contract with the Plaintiff.

33. Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

34. In refusing to pay Plaintiff's Long-Term Disability Benefits, the Plan Administrator and Sun Life have breached the contract with Plaintiff causing her to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

Plaintiff
By her Attorneys,
Law Office of Mark B. Morse, LLC

/s/ Mark B. Morse
_____

Mark B. Morse
RI Bar Reg No 3003
420 Angell Street, Suite 2
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
mark@morselawoffice.com